# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

CHARLES E. LOVINGSHIMER, IV,

Petitioner, : Case No. 2:22-cv-04453

\- vs - District Judge James L. Graham
Magistrate Judge Michael R. Merz

WARDEN,
Noble Correctional Center,

:

Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner under 28 U.S.C. § 2254, is ripe for a report and recommendations upon the Petition (ECF No. 4), the State Court Record (ECF No. 11 as supplemented at ECF No. 29), the Return of Writ (ECF No. 12), Petitioner's Reply (ECF No. 15), and Petitioner's Response (ECF No. 30).

When filed, the case was referred to Magistrate Judge Elizabeth Preston Deavers. Upon her retirement, it was transferred to Magistrate Judge S. Courter Shimmeal and recently transferred from him to the undersigned under Amended General Order 22-05 to help balance the Magistrate Judge workload in the District (Transfer Order, ECF No. 32).

**Litigation History**

On May 8, 2019, the Muskingum County Grand Jury returned an indictment charging Appellant with seven counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4), three counts of rape of a victim under ten years of age in violation of Ohio Revised Code § 2907.02(A)(1)(b), three counts of rape with the use of force in violation of Ohio Revised Code § 2907.02(A)(1)(b), and one count of child endangering in violation of Ohio Revised Code § 2919.22(B)(1).

The case was tried to a jury which found Lovingshimer guilty of three counts of gross sexual imposition (victims under thirteen), three counts of rape (force/victim under 10), two counts of rape (use of force), and one count of endangering children. Petitioner was sentenced to two consecutive life imprisonment terms, the sentence from which he seeks habeas corpus relief.

Petitioner appealed to the Ohio Fifth District Court of Appeals which affirmed. *State v. Lovingshimer,* 2021-Ohio-3339 (Ohio App. 5th Dist. Sept. 22, 2021). The Ohio Supreme Court declined to exercise jurisdiction over a further appeal (Entry, State Court Record, ECF No. 11, Ex. 16).

Lovingshimer filed his Petition in this Court on December 15, 2022, by depositing it in the prison mail system on that date (ECF No. 4, PageID 60). He pleads the following grounds for relief:

> **Ground One**: Appellant's 5th and 14th Amendment Rights to Due Process were violated by the Trial Court and Appellate Court.

> **Supporting Facts:** Several violations occurred during the jury selection process and the State's Closing Argument. The referred the Complainant as "victim".
>
> **Ground Two**: Ineffective Assistance of Counsel in violation of the 6th Amendment.
>
> **Supporting Facts:** Counsel was ineffective in failing to object to the continued use of the word "victim" by the State.
>
> **Ground Three:** A double life sentence for a nonhomicidal offense is cruel and unusual, in violation of the 8th Amendment.
>
> **Supporting Facts:** Ohio's Life-sentence laws are undefined in nature and disproportionate to the crime committed.

(Petition, ECF No. 4).

On July 1, 2024, Judge Deavers stayed these proceedings to permit Petitioner to exhaust the state court remedy for a claim of ineffective assistance of appellate counsel by filing an application to reopen his appeal under Ohio R. App. P. 26(B) (ECF No. 23). On January 7, 2025, Petitioner reported that the 26(B) proceedings were completed and moved to resume these proceedings (ECF No. 27). See *State v. Lovingshimer,* 176 Ohio St. 3d 1409 (2024). Judge Deavers granted that motion and ordered Respondent to supplement the State Court Record which was done March 6, 2025 (ECF No. 29). Petitioner's Response (ECF No. 30) renders the case ripe for report and recommendations.

## Analysis

**Ground One: Prosecutorial Misconduct by Referring to the Complaining Witnesses as Victims**

Lovingshimer restates his First Ground for Relief in his Brief in Support of the Petition as follows:

> **Ground One:** The Trial Judge abused his discretion by denying the Motion in limine and allowing the complainants to be referred to as "victim(s)". Subsequently, the Ohio 5th District Court of Appeals erred by affirming the lower court's decision. Further, the Prosecutor's repeated references to the complainants as "victims" constituted prosecutorial misconduct and was prejudicial to Petitioner's defense. These acts violate Petitioner's 5th, 8th, and 14th Amendment Rights to Due Process under the United States Constitution.

Brief, ECF No. 8, PageID 68-69.

Magistrate Judge Deavers allowed Petitioner to file this sixty-six page Brief, but was not asked and did not grant Petitioner leave to amend his Petition in the Brief. The operative pleading is the Petition, not the Brief; the grounds for relief as stated in the Petition are those before the Court.

Federal habeas corpus is available only to correct constitutional error in state court proceedings. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations

on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). A general claim that a state court abused its discretion does not state a federal constitutional claim. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). The Court also cannot consider the general claim that the Fifth District erred in affirming the trial court. The only claim before this Court in the First Ground for Relief is that the prosecutor committed misconduct in referring to the complaining witnesses as victims, thereby violating Petitioner's due process rights.

Petitioner raised this claim as his final assignment of error on direct appeal and the Fifth District decided it as follows:

> {¶ 30} In his final assignment of error, Appellant argues the trial court erred in denying his motion in limine to direct the state to refer to V.1 and V.2 as "alleged victims." We disagree.
>
> {¶ 31} As an initial matter, Appellant seeks a reversal based upon his motion in limine. The granting or denial of a motion in limine is a tentative, interlocutory, precautionary ruling reflecting the trial court's anticipatory treatment of an evidentiary issue. *State v. Grubb*, 28 Ohio St.3d 199, 201, 503 N.E.2d 142 (1986). A motion in limine does not preserve an issue for appeal. *Id.* Rather, in order to preserve the error, the evidence must be presented at trial, and a proper objection lodged. *Id.* paragraph two of the syllabus (1986). Once properly preserved an appellate court will then review the trial court's ruling on the objection rather than the ruling on the motion in limine. See *Wray v. Herrell*, 4th Dist. Lawrence No. 93CA08, 1994 WL 64293.
>
> {¶ 32} In his reply brief, Appellant cites five instances wherein the state referred to V.1 and V.2 as "victims." Our examination of the record reveals Appellant did not lodge an objection in any of these five instances. We further note four of these instances occurred during closing argument. Transcript of Trial, Volume III (T. III), 621, 624-625, 632, 651-652. Even if Appellant had objected there would be no error because in closing argument a prosecutor may

> comment freely on "what the evidence has shown and what reasonable inferences may be drawn therefrom." *State v. Lott*, 51 Ohio St.3d 160, 165, 555 N.E.2d 293 (1990), quoting *State v. Stephens*, 24 Ohio St.2d 76, 82, 263 N.E.2d 773 (1970). Referring to the child victims as such in closing argument would therefore not be improper.
>
> {¶ 33} The remaining transcript reference cites to a single instance during trial wherein the prosecutor referred to the V.1 as "victim." This instance occurred during the direct testimony of Katharine Doughty, a pediatric nurse practitioner who examined the children following their disclosure of sexual abuse by Appellant. Again, even if Appellant had objected to this use of the word "victim" we would find no prejudicial error as this was one isolated incident which took place during a three-day trial.
>
> {¶ 34} Finally, in his February 2020 Motion in Limine Regarding the Term Victim as well as here on appeal, Appellant relies on *State v. Almedom*, 10th Dist. No. 15AP-852, 2016-Ohio-1553 to support his argument that the trial court should have prohibited the prosecutor from using the term "victim" with respect to V.1 and V.2. In *Almedom*, however, most of the offending references were made by the trial court judge, not the prosecutor. Additionally, the improper references were made throughout the entire trial. The *Almedom* court also found that defense counsel's ineffective assistance, linked with the trial court's and prosecutor's prejudicial comments, "undermined the proper function of the adversarial process" so that it could not "be sure a just result was produced." *Id.* at ¶10. The instant matter presents no comparable facts.
>
> {¶ 35} Appellant failed to preserve this argument for review and even if he had, it would be without merit. The final assignment of error is overruled.

*State v. Lovingshimer, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140

(2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000) *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).

The Fifth District decided that there was no merit to Lovingshimer's prosecutorial misconduct claim because use of the word "victim" in closing argument was permissible and the one use outside that context was not prejudicial. To overcome that conclusion, Petitioner must show it is contrary to or an objectively unreasonable application of a Supreme Court holding. Petitioner's Brief contains a lengthy eloquent[1] discussion about the proper usage of the word "victim." (Brief, ECF No. 8, PageID 71-126). In the discussion there are numerous citations to law review articles criticizing the "pre-adjudication" use of the word to refer to a complaining witness. However, the undersigned was unable to find any citation to the holding of a Supreme Court case that a single use of the word is constitutional error.

In contrast, the Sixth Circuit has recently held:

> On habeas review, "the relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 91 L. Ed. 2d 144, 106 S. Ct. 2464 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 40 L. Ed. 2d 431, 94 S. Ct. 1868 (1974)). "Even if the prosecutor's conduct was improper or even universally condemned, we can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). Yet reversal is required if the prosecutor's misconduct is "so pronounced and persistent that it permeates the entire atmosphere of the trial or so gross as probably to prejudice the defendant." *Pritchett v. Pitcher,* 117 F.3d 959, 964 (6th Cir. 1997); see also *Gall v. Parker*, 231 F.3d 265, 311 (6th Cir. 2000), overruled on other grounds by, *Bowling v. Parker,* 344 F.3d 487, 501 n.3 (6th Cir. 2003).
>
> In order to obtain relief, Bates must demonstrate that the prosecution's conduct was both improper and so flagrant as to warrant reversal. *Mason v. Mitchell*, 320 F.3d 604, 635 (6th Cir. 2003). If this Court finds improper conduct, four factors are

[1] This is the first brief the undersigned has read in some time which properly uses the word "synonymy."

> considered in determining whether the challenged conduct is flagrant: (1) the likelihood that the remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) the total strength of the evidence against the defendant. *See Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004); *Bowling v. Parker,* 344 F.3d 487, 512-13 (6th Cir. 2003); *Angel v. Overberg,* 682 F.2d 605, 608 (6th Cir. 1982) (en banc) (citing *United States v. Leon,* 534 F.2d 667, 677 (6th Cir. 1976)). Under AEDPA, we are required to give deference to the Tennessee Supreme Court's determination of Bates's prosecutorial misconduct claims. *See Macias v. Makowski,* 291 F.3d 447, 453-54 (6th Cir. 2002)(noting that habeas relief is only appropriate if there "was an unreasonable application of clearly established federal law"); see also *Millender v. Adams,* 376 F.3d 520, 528 (6th Cir. 2004) ("Claims of prosecutorial misconduct are reviewed deferentially on habeas review."). In determining whether prosecutorial misconduct mandates habeas relief, we apply the harmless error standard. *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997). An error is found to be harmless unless it "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638, 123 L. Ed. 2d 353, 113 S. Ct. 1710 (1993).

*Bates v. Bell*, 402 F.3d 635 (6th Cir. 2005).

> The relevant question in analyzing a claim for prosecutorial misconduct on habeas review is "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986) (internal quotation marks omitted). To satisfy this standard, the conduct must be both improper and flagrant. *Broom v. Mitchell*, 441 F.3d 392, 412 (6th Cir. 2006); *see also Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (noting that reversal is required if the prosecutor's misconduct is "so pronounced and persistent that it permeates the entire atmosphere of the trial or so gross as probably to prejudice the defendant") (internal citation omitted). If conduct is found to be improper, four factors are then considered to determine whether the conduct was flagrant and therefore warrants reversal: "(1) the likelihood that the remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) the total strength of the evidence against the defendant." *Bates v. Bell*, 402 F.3d 635, 641 (6th Cir. 2005).

*Johnson v. Bell*, 525 F.3d 466, 482 (6th Cir. 2008).

> If a comment is determined not to be flagrant, we will reverse only when: (1) the proof against the defendant was not overwhelming; (2) opposing counsel objected to the conduct; and (3) the district court failed to give a curative instruction. *United States v. Cobleigh*, 75 F.3d 242, 247 (6th Cir. 1996).

*Johnson v. Bell*, 525 F.3d 466, 482 (6th Cir. 2008). Considering this precedent, the Magistrate Judge concludes the Fifth District's decision on the merits is neither contrary to nor an objectively unreasonable application of Supreme Court law.

In addition to finding against Petitioner on the merits, the Fifth District also held this claim was procedurally defaulted because Petitioner's counsel made no contemporaneous objection. Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

Based on the cited authority, Ground One should be dismissed as procedurally defaulted and on the merits.

**Ground Two: Ineffective Assistance Of Trial Counsel**

In his Second Ground for Relief, Petitioner asserts his trial attorney provided ineffective assistance by not objecting to the use of the word "victim."

The Second Ground states a claim under the Sixth Amendment on which this Court could hypothetically act. However, before presenting a constitutional claim in habeas corpus, a state prisoner must present it to the state courts for a full round of consideration in accordance with the State's law for such consideration. Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). To exhaust a claim in state court, a prisoner must have argued the claim's factual and legal basis at each level of the state court system. *Whitman v. Gray*, 103 F.4th 1235, 1238 (6th Cir. 2024). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999)). In Ohio, "one complete round of the State's established appellate review process" means a defendant must timely and fairly present his on-the-record constitutional claim to the trial court, court of appeals and the Supreme Court of Ohio in

direct review." *Caver v. Straub*, 349 F.3d at 346 (6th Cir. 2003) (quoting *Boerckel*, 526 U.S. at 845).

Trial counsel's failure to object would certainly be apparent on the face of the record. Therefore it should have been raised on direct appeal, but was not. Under those circumstances, it would be barred by Ohio *res judicata* law. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). "[P]resentation of competent, relevant, and material evidence *dehors* the record may defeat the application of *res judicata*." *State v. Lawson*, 103 Ohio App. 3d 307 (12th Dist. 1995).

Failure to raise an issue on direct appeal can be excused by ineffective assistance of appellate counsel. However the ineffective assistance of appellate counsel claim must not itself be procedurally defaulted. In Ohio a claim of ineffective assistance of appellate counsel can only be raised by application for reopening the appeal under Ohio R. App. P. 26(B). Petitioner filed such an application, but the Fifth District declined to consider it because it was nearly three years late (Entry, Supplement to State Court Record, ECF No. 29, Ex. 22). Thus Petitioner procedurally defaulted his ineffective assistance of appellate counsel claim and cannot rely on it to excuse his failure to raise ineffective assistance of trial counsel on direct appeal.

Petitioner's Second Ground for Relief should be dismissed as procedurally defaulted.

**Ground Three: Cruel and Unusual Punishment**

**In** his Third Ground for Relief, Petitioner contends his doubled life sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. Like Ground Two, this claim was not raised on direct appeal and should be dismissed on the same basis.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 6, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #